THE UNITED STATES DISTRICT COURT FOR MINNESOTA

Noah J. McCourt

 *Plaintiff*

            v.

Cory Magstadt   individually, and in his official capacity

Launch Ministry

*Defendant*

## COMPLAINT

COMES NOW the plaintiff Noah J. McCourt appearing pro se, and for a complaint against the defendant above named, states, alleges, and avers as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343.

2. This action is commenced pursuant to 2201 and 2202 and 42 U.S.C., section 1983.

### GENERAL ALLEGATIONS

3. The Plaintiff Noah J. McCourt is a citizen of the State of Minnesota, United States of America.

4. Defendant, Corey Magstadt has owned and at all times pertinent to the complaint has operated an organization called Launch Ministry located at 115 E 4th St, Chaska, MN 55318

5. Plaintiff is an individual with a disability that causes periodic muscular impairment.  Noah McCourt has Autism Spectrum Disorder and as a result has low muscle tone which results in sporadic muscle weakness that renders him unable to utilize stairs and lift himself. Plaintiff requires accommodations such as extra time and greater space to accomplish daily living activities. He wants to be able to fully utilize the programs provided by Launch ministry but the establishment is inaccessible to persons with accommodation needs for physical disabilities and mobility impairments

6. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. section 12101, et seq., establishing the most important civil rights law for persons with disabilities in our country's history.

SCANNED

JUN 0 5 2018

U.S. DISTRICT COURT MPLS

7. The Congressional statutory findings include:

a. "some 43,000,000 Americans have one of more physical or mental disabilities . . .;  b. "historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;  c. "discrimination against individuals with disabilities ties persists in such critical areas as . . .public accommodations;  d. "individuals with disabilities continually encounter various forms of discrimination, including . . .the discriminatory effects of architectural . . .  e. "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity . . . to pursue those opportunities for which our free society is justifiably famous . . ."42 U.S.C. section l2101(a).

8. Congress went on to state explicitly the purpose of the Americans with Disabilities Act to be:

a. "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;  b. "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and  c. "to invoke the sweep of Congressional authority . . . to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. section 12101(b).

9. Congress gave commercial establishments and public accommodations one and a half years to implement the Act. The effective date was January 26, 1992.

10. Nevertheless, Launch Ministry at 115 E 4th Street, Chaska MN 55318 has not eliminated the barriers that prevent persons with physical impairments from entering and utilizing this establishment.

( photos of the barriers are attached as Exhibit "A".]

11. One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by Private Entities." 42 U.S.C. section 12181.

12. Congress included a social service center as a public accommodation covered by the Act. 42 U.S.C. section 12181.

13. Launch Ministry falls into the category of a social service center

14. As relevant to the present action, discrimination includes, "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such is readily achievable." 42 U.S.C.. section 12182(b)(2)(A)(iv).

15. The U.S.. Department of Justice, in promulgating the federal regulations to implement this Act, defines "readily achievable" to mean "easily accomplishable and able to be carried out without much difficulty or expense," including utilizing alternative entrances . 28 C.F.R.. section 36.304(a) - (c).

16. Other commercial facilities similar to the defendants have made similar modifications, like what plaintiff is asking. The Defendant could easily make its business accessible but has chosen not to comply with The Americans with Disabilities Act.

17. To assist businesses with complying with the ADA, Congress has enacted a tax credit for small businesses and a tax deduction for all businesses. See Section 44 and 190 of the IRS Code. An eligible small business is allowed a tax credit equal to 50% of the amount of the eligible access expenditures between $250 and $10,500 for any tax year. A business that removes architectural barriers e.g., by modifying ramps, grading, entrances, doors and doorways, may receive an annual tax deduction of up to $15,000 each year.

18. Plaintiff wants to be able to utilize the services provided by Launch Ministry located at 115 E 4th Street Chaska MN 55318

FIRST CLAIM OF RELIEF

19. Pursuant to the Americans with Disabilities Act, 42 U.S.C. section 12101, et seq., and the federal regulations promulgated pursuant to this Act, 28 C.F.R. §36.304, defendant was to make  115 E 4th St Chaska MN, 55318 accessible by January 26, 1992. To date, defendant has not.

20. By failing to remove the architectural barriers where such removal is readily achievable, defendant is discriminating against plaintiff and is in violation of the Americans with Disabilities Act.

WHEREFORE, the plaintiff Noah J. McCourt prays that the Court issue an injunction enjoining the defendant from continuing its discrimination and that the Court award plaintiffs such additional or alternative relief as may be just, proper, and equitable, including costs.

Respectfully submitted,

Noah J. McCourt

33 W Lake Street #404

Waconia, MN, 55318

PRO SE