# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Noah J. McCourt,                                    Civ. No. 18-1560 (PAM/BRT)

          Plaintiff,

v.                                                  **ORDER**

Cory Magstadt, individually, and in his
official capacity; and Launch Ministry,

          Defendants.

---

Plaintiff Noah J. McCourt brings this action alleging that Defendants Cory Magstadt and Launch Ministry maintain a public accommodation that contains architectural barriers which prevent disabled individuals, such as him, from accessing the accommodation. *See* 42 U.S.C. § 12182(b)(2)(A)(iv). McCourt did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. (*See* Doc. No. 2.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

Upon review, this Court concludes that McCourt qualifies financially for IFP status. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28

U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The elements of an architectural-barrier claim under the Americans With Disabilities Act ("ADA") "are (1) [the plaintiff] is disabled, (2) the facility in question is a place of public accommodation, (3) the facility contains an architectural barrier, [and] (4) the plaintiff had actual knowledge of the architectural barrier precluding his full and equal access to the facility." *Wong v. Muddy Pig, Inc.*, No. 14-3334 (RHK/TNL), 2015 WL 225231, at *3 (D. Minn. Jan. 16, 2015). The third element of McCourt's claim — that the facility contains an architectural barrier — has been insufficiently pleaded here. Although McCourt alleges that such an architectural barrier exists at Launch Ministry, he

has failed to identify or even suggest in his pleading what that barrier might be.[1] Accordingly, McCourt's Complaint is insufficient to put the Defendants on notice of the specific claims being raised against them.[2]

Rather than recommending dismissal of this action at this time, the Court will afford McCourt an opportunity to amend his Complaint. In his Amended Complaint, McCourt should identify by written description the specific architectural barrier or barriers at issue in this litigation. In the alternative, in lieu of filing a full Amended Complaint, McCourt may submit exhibits (such as photographs) identifying the architectural barriers, but McCourt should take care to ensure that the specific barriers at issue are made clear from the exhibits. The Amended Complaint or exhibits must be submitted within **20 days** of this Order, failing which it will be recommended that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

---

[1]     The Complaint states that "photos of the barriers are attached as Exhibit 'A,'" (Doc. No. 1, Compl. 2), but no exhibits were attached to the Complaint or otherwise submitted by McCourt.

[2]     This Court also notes that the ADA does not apply "to religious organizations or entities controlled by religious organizations . . . ." 42 U.S.C. § 12187. "The ADA's exemption of religious organizations and religious entities controlled by religious organizations is very broad . . . .  Even when a religious organization carries out activities that would otherwise make it a public accommodation, the religious organization is exempt from ADA coverage." 28 C.F.R. Pt. 36, App. C. The pleading does not make clear whether Launch Ministry is a religious organization or an entity controlled by a religious organization. That said, McCourt is warned that if the structure at issue in this litigation is later found to fall within the ambit of § 12187, he will not be entitled to relief.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. The application to proceed *in forma pauperis* of Plaintiff Noah J. McCourt (Doc. No. 2) will not be granted at this time.

2. McCourt must either submit an Amended Complaint or exhibits remedying the infirmities in his pleading within **20 days** of this Order, as identified above, failing which it will be recommended that this action be dismissed without prejudice for failure to prosecute.

Dated: June 12, 2018                                  __*s/ Becky R. Thorson*_____
                                                                        BECKY R. THORSON
                                                                        United States Magistrate Judge